(R.D. 11277)

TAKARA COMPANY (NEW YORK), INC. *v.* UNITED STATES

Entry No. 222425.

(Decided March 21, 1967)

*Norman J. Bergman* for the plaintiff.

*Barefoot Sanders*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: This appeal for reappraisement was submitted for decision upon the following stipulation of counsel:

It is hereby stipulated and agreed, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs, mechanical hair dressing beauty chairs, and parts for all of the foregoing;

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of section 2 of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521); that appraisement was accordingly made under section 402, Tariff Act of 1930, as amended by the Customs Simplification Act;

3. That at the time of exportation to the United States of the merchandise under consideration, barber chair number 601–C was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at $100.18 each, net, packed.

4. That as to all chairs other than that listed in Par. 3, and as to parts for all of the chairs, including that listed in Par. 3, at the time of exportation to the United States of the merchandise under consideration, said merchandise was not freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the U.S.; and they were not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

5. That the constructed values of the chairs which are not listed under Par. 3 are the c.i.f. invoice unit prices less ocean freight and insurance, plus 4% packed.

6. That this appeal to reappraisement may be submitted on this stipulation and is limited to the merchandise and issues described within and is abandoned in all other respects.

On the agreed facts, I find and hold:

(1)   That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of barber chair number 601–C, and that said value is $100.18 each, net, packed.

(2)   That constructed value, as that value is defined in section 402(d) of said tariff act, as amended, is the proper basis for the determination of the value of all chairs other than that listed above and parts for all of the chairs including that listed above, and that said values are the respective c.i.f. invoice unit prices, less ocean freight and insurance, plus 4 percent, packed.

As to all other merchandise, the appeal is dismissed.   Judgment will be entered accordingly.